IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| 786 SOUTH LLC d/b/a IHOP #4426 | ) ) ) | COMPLAINT |
| Defendant. | ) ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the bases of sex, race, and retaliation, and to provide appropriate relief to female and African American employees who Defendant Employer subjected to sexual and racial harassment. The Commission further alleges that Defendant Employer reduced the work hours for one female after she rebuffed her manager's sexual advances, and terminated an African American employee after he drafted a petition to oppose the racial harassment. The Commission also alleges that Defendant Employer failed to preserve personnel and employment records as required by Title VII.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections

706(f)(1) and (3) of Title VII and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the Commission), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000-5(f)(1) and (3).

4. At all relevant times, Defendant, 786 South, LLC, doing business as IHOP #4426 (Defendant Employer), has continuously been a Tennessee corporation doing business in the state of Tennessee and the city of Memphis. Defendant Employer has continuously had at least fifteen employees.

5. At all relevant times Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Amanda Henderson, Rebecca Trimble, Roshawn Sampson, and Jacqueline Crump filed charges of discrimination alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least approximately April 2005, Defendant Employer has engaged in unlawful employment practices in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a) § 2000e-3(a). The unlawful employment practices involved discriminating against Amanda Henderson and Rebecca Trimble, two female employees, because of their sex; discriminating against Roshawn Sampson and Jacqueline Crump and a class of other African American employees because of their race; and retaliating against Ms. Henderson and Mr. Sampson for opposing the unlawful discrimination.

8. Amanda Henderson was employed by Defendant Employer as a hostess around February/March 2005. During her employment, Ms. Henderson was subjected to sexual harassment by the general manager, Baber Kahn Mohammed a/k/a Bobby Khan.

9. Ms. Henderson was subjected to frequent unwelcome requests for dates and requests for sex. The unwelcome sexual conduct was sufficiently pervasive and severe to alter the conditions of her employment and create an abusive working environment.

10. During her employment with Defendant Employer Ms. Henderson complained to the owner and another manager about the sexual harassment.

11. Defendant failed to take any action, including investigating Ms. Henderson's complaints of discrimination.

12. After Ms. Henderson complained, her hours of work were reduced.

13. Rebecca Trimble was hired as a server around September 25, 2006.

14. During her employment, Ms. Trimble was also subjected to sexual harassment by the general manager.

15. The sexual harassment included frequently touching, fondling, and grabbing Ms. Trimble's breasts.

16. The unwelcome sexual conduct was sufficiently pervasive and severe to alter the terms and conditions of Ms. Trimble's employment and create an abusive working environment.

17. Ms. Trimble resigned in October 2006, after obtaining other employment, because of the sexual harassment.

18. Roshawn Sampson, an African American, was employed by Defendant as a cook from November 2005 to September 2006.

19. Mr. Sampson and other African American workers were subjected to racial harassment by the general manager, Baber Kahn Mohammed a/k/a Bobby Khan, an Iranian.

20. The sexual harassment consisted of frequently referring to Mr. Sampson and other African Americans as "nigger", "lazy niggers", and "monkeys." Kahn also threatened that he would replace the "niggers with Mexicans."

21. The unwelcome sexual conduct was sufficiently pervasive and severe to alter the conditions of Mr. Sampson's and other African American employees' employment and create an abusive working environment.

22. Mr. Sampson and other African American employees complained to the owner about the racial harassment, but the racial harassment continued.

23. Mr. Sampson also drafted a petition on behalf of himself and other employees complaining about discrimination.

24. Mr. Sampson later was terminated in retaliation for alleged performance problems. Other employees with similar job performance, but who had not complained about unlawful discrimination, were not terminated.

25. Defendant Employer also failed to maintain employment applications as required by 29 CFR § 1602.14 and 42 U.S.C. § 2000e-8(c).

26. The effect of the practices complained of in paragraphs 7-24 above has been to deprive Amanda Henderson, Rebecca Trimble, Roshawn Sampson, Jacqueline Crump, and other African American employees of equal employment opportunities and to otherwise adversely affect their status as employees because of their sex and race.

27. The unlawful employment practices complained of in paragraphs 7-24 above were intentional.

28. The unlawful employment practices complained of in paragraphs 7-24 above were done with malice and/or with reckless indifference to the federally protected rights of Amanda Henderson, Rebecca Trimble, Roshawn Sampson, Jacqueline Trimble, and other African American employees.

## PRAYER FOR RELIEF

Therefore the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer and its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates against employees because of their sex or race;

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for female and African American employees, and which eradicate the effects of Defendant Employer's unlawful employment practices described in paragraphs 7 through 24 above;

C.  Order Defendant Employer to preserve personnel and employment records as required by 29 CFR § 1602.14 and 42 U.S.C. § 2000e-8(c);

D.  Order Defendant Employer to make whole Amanda Henderson and Roshawn Sampson by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including but not limited to rightful-place reinstatement;

E.  Order Defendant Employer to make whole Amanda Henderson, Rebecca Trimble, Roshawn Sampson, Jacqueline Crump, and any other African American employees found to have been racially harassed, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices, in amounts to be determined at trial.

F.  Order Defendant Employer to make whole Amanda Henderson, Rebecca Trimble, Roshawn Sampson, Jacqueline Crump, and any other African American employees found to have been racially harassed, by providing compensation for nonpecuniary losses resulting from the unlawful employment practices, including emotional and psychological pain and suffering, in amounts to be determined at trial;

G.  Order Defendant Employer to pay Amanda Henderson, Rebecca Trimble, Roshawn Sampson, Jacqueline Crump, and any other African American employees

found to have been racially harassed, punitive damages for its malicious and/or reckless conduct, in amounts to be determined at trial;

  H. Order Defendant Employer to maintain employment applications as required by 29 CFR § 1602.14 and 42 U.S.C. § 2000e-8(c).

  I. Grant such further relief as the Court deems necessary and proper in the public interest; and

  J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

  The Commission requests a jury trial on all questions of fact raised by its complaint.

(Concluded on next page.)

**RONALD S. COOPER**
General Counsel

**JAMES LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel


s/ Faye A. Williams (w/ permission CLO)
**FAYE A. WILLIAMS**
Regional Attorney
Tennessee Bar No. 011730


s/ Terry Beck (w/ permission CLO)
**TERRY BECK**
Supervisory Trial Attorney
Tennessee Bar No. 009346


s/ Carson L. Owen
**CARSON L. OWEN**
Senior Trial Attorney
Tennessee Bar No. 009240

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Avenue, 9th Floor
Memphis, Tennessee 38104
Telephone:   (901) 544-0133