```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

```
EQUAL EMPLOYMENT OPPORTUNITY   )
COMMISSION,                    )
                               )
     Plaintiff,                )
                               )
vs.                            )    No. 2:07-cv-02621-JPM-tmp
                               )
786 SOUTH LLC, and             )
TRIPOLI II, INC.,              )
                               )
     Defendants.               )
```

**ORDER DENYING DEFENDANT TRIPOLI II, INC.'S
MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Tripoli II, Inc.'s Motion for Summary Judgment (Docket Entry ("D.E.") 52), filed January 11, 2010. Plaintiff Equal Employment Opportunity Commission ("EEOC") responded in opposition on February 17, 2010. (D.E. 58.) For the following reasons, Tripoli II's motion is DENIED.

**I. Background**

This case concerns allegations of race and sex discrimination and unlawful retaliation at an International House of Pancakes ("IHOP") restaurant in Memphis, Tennessee. (See generally Am. Compl. (D.E. 18).) These acts are alleged to have occurred in 2005 and 2006. (Id. at 3-6.) At that time, Defendant 786 South LLC owned and operated this IHOP franchise.

1

(See Def. Tripoli II's App. of Mat. Facts in Supp. of Mot. for Summ. J. (D.E. 52) Ex. B, Halaby Aff. ("Halaby Aff.") at 1.)

The EEOC filed this suit on September 27, 2007. (See Compl. (D.E. 1).) Approximately two months later, on November 29, 2009, 786 South sold its franchise license to Tripoli II. (Halaby Aff. at 1.) Tripoli II thereafter began to operate the IHOP location in question. (Id.) The EEOC does not claim that discrimination or retaliation continued at the IHOP under Tripoli II's ownership. (See generally Am. Compl.) The EEOC nonetheless joined Tripoli II as a defendant on a theory of successor liability on August 26, 2008. (Id. at ¶ 5.) Tripoli II now moves for summary judgment, arguing that it cannot be held liable as a successor because it lacked notice of this suit.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, and the nonmoving party is

unable to make such a showing, summary judgment is appropriate. Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989).  In considering a motion for summary judgment, however, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When confronted with a properly supported motion for summary judgment, the nonmoving party "must – by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2); see also Abeita v. TransAm. Mailings, Inc., 159 F.3d 246, 250 (6th Cir. 1998).  However, "'[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient.'"  Street v. J.C. Bradford & Co., Inc., 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.  In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

### III. Analysis

Tripoli II argues that it cannot be held liable as a successor because it lacked notice of this suit. The EEOC does not dispute that Tripoli II lacked actual knowledge of this litigation, but argues that successor liability may be imposed where the successor had constructive knowledge of the discrimination charges. The parties' contentions raise two questions. First, whether constructive notice is sufficient under the successor liability doctrine. Second, whether there are facts supporting the conclusion that Tripoli II had constructive notice of this suit. The Court will address each question after discussing the relevant legal background.

#### a. Successor Liability for Employment Discrimination

Successor liability in the employment discrimination context derives from federal labor law, not the successor liability principles of corporate law. See Cobb v. Contract Transp., Inc., 452 F.3d 543, 551-52 (6th Cir. 2006). The Sixth Circuit articulated the governing test in EEOC v. MacMillan Bloedel Containers, Inc., 503 F.2d 1086 (6th Cir. 1974). Under MacMillan, whether a successor is liable for its predecessor's employment discrimination is determined on a case-by-case basis. Cobb, 452 F.3d at 554. "[W]hether successor liability is

4

equitable in a particular case requires courts to balance (1) the interest of the defendant-employer, (2) the interests of the plaintiff-employee, and (3) the goals of federal policy, in light of the particular facts of a case and the particular legal obligations at issue." Cobb, 452 F.3d at 554 (citing MacMillan, 503 F.2d at 1091).

Courts consider nine sub-factors in undertaking this inquiry: (1) whether the successor had notice of the charge of discrimination; (2) the predecessor's ability to provide relief; (3) whether the successor uses the same facilities; (4) whether there is substantial continuity of operations; (5) whether the successor uses the same or substantially the same work force; (6) whether the successor uses the same or substantially the same supervisory personnel; (7) whether the same jobs exist under substantially the same conditions; (8) whether the successor uses the same means and methods of production; and (9) whether the successor produces the same product. Cobb, 452 F.3d at 554 (citing MacMillan, 503 F.2d at 1094). The presence of all nine sub-factors is not essential to a finding of successor liability. Id. "The ultimate inquiry always remains whether the imposition of the particular legal obligation at issue would be equitable and in keeping with federal policy." Id.

5

### b. Constructive Notice Is Sufficient Under the Successor Liability Doctrine

It is well-accepted that constructive notice may suffice under the successor liability doctrine, at least where the relevant charges have been filed with the EEOC. See Wiggins v. Spector Freight Sys., Inc., 583 F.2d 882, 886 (6th Cir. 1978) (holding that a successor would have come within MacMillan if EEOC charges had been filed against the predecessor or the successor had actual knowledge of the charges); see also EEOC v. Vucitech, 842 F.2d 936, 945 (7th Cir. 1998) (holding successor liable because, *inter alia*, it had at least constructive knowledge of discrimination charges); Rabidue v. Osceola Ref. Co., 805 F.2d 611, 616 (6th Cir. 1986) (finding no successor liability because there were no pending discrimination claims at the time of acquisition and the successor lacked actual knowledge of "outstanding or contingent charges of discrimination"); Scott v. Sopris Imports Ltd., 962 F. Supp. 1356, 1359-60 (D. Colo. 1997) (recognizing that constructive notice is sufficient under MacMillan).

### c. Whether Tripoli II Had Constructive Notice

"Constructive notice is information or knowledge of a fact imputed by law to a person . . . because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it." Kirby

6

v. Macon County, 892 S.W.2d 403, 409 (Tenn. 1994) (citing Black's Law Dictionary 1062 (6th ed. 1990)); see also TRW Inc. v. Andrews, 534 U.S. 19, 30 (2001) (similar).

Viewing the evidence in the light most favorable to the EEOC, a fact-finder could reasonably conclude that Tripoli II had constructive notice of this litigation. Tripoli II is a sophisticated commercial party and has experience with employment discrimination law. (See Halaby Aff. at 7-11; Pl.'s Statement of Add'l Mat. Facts (D.E. 59) Ex. B, Halaby Dep. at 1-2.) This case was a matter of public record for two months before Tripoli II acquired the franchise license from 786 South. Tripoli II does not allege that it engaged in due diligence such as searching the Court's electronic case filing system or contacting the Clerk of Court, either of which would have revealed the existence of this case.[1] A successor may be charged with constructive notice of potential successor liability under such circumstances. See Wiggins, 583 F.2d at 886. Tripoli II is not entitled to summary judgment on the ground that it lacked notice.

---

[1] Tripoli II does not claim that it engaged in any due diligence as to the litigation risks of the IHOP franchise, with the exception of relying on a provision in the sales agreement that required 786 South to disclose the existence of pending or possible suits involving the restaurant. (Halaby Aff. at 2; Tripoli II's App. Ex. C, Halaby Dep. at 8-11.) Tripoli II claims that 786 South did not disclose the existence of this case. (Id.) As this demonstrates, it may be necessary to independently research the existence of pending litigation. See Wheeler v. Snyder Buick, Inc., 794 F.2d 1228, 1237 (7th Cir. 1986).

7

## **IV. Conclusion**

For the foregoing reasons, Defendant Tripoli II's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED this 11th day of March, 2010.

                                     /s/ Jon P. McCalla_____
                                     JON P. McCALLA
                                     CHIEF U.S. DISTRICT JUDGE